UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 15-02-WOB-CJS

GRANT LAMBERT                                                                          PETITIONER

v.                              **REPORT AND RECOMMENDATION**

SHANNON JONES, CHAIRPERSON
KENTUCKY PAROLE BOARD                                                      RESPONDENT

\* \* \* \* \* \* \* \* \* \*

Respondent Shannon Jones has filed a Motion to Dismiss Petitioner Grant Lambert's pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]  (R. 10).  Pursuant to local practice, this matter has been referred to the undersigned for initial review and any appropriate reports and recommendations.  28 U.S.C. § 636(b).  Having all relevant documents before the Court, and the Court being sufficiently advised, for the reasons set forth below it is recommended that Respondent's motion be **granted**.

I.      PROCEDURAL HISTORY

On December 13, 2010, Petitioner Lambert was indicted in the Boyd County Circuit Court on charges of Trafficking in a Controlled Substance, First Degree; Trafficking within 1000 Yards of a School; and Possession of a Controlled Substance, Third Degree.[2]  On March 8, 2011, Lambert

---

[1] In her Motion to Dismiss (R. 10), Respondent also moved in the alternative for a brief extension of five days to file her answer.  (R. 11).  Before the Court ruled on either the request for dismissal or the request for extension, Respondent filed her Answer.  (R. 12).  While it is herein recommended that the request for dismissal be granted, the extension request should also be granted even though it was presented as an alternative to dismissal, since the Respondent has already filed an answer.

[2] Copies of the docket sheets for Petitioner's state court cases were obtained from the Boyd County Circuit Court.  Dates referred to in this report and recommendation pertaining to state court activity were obtained from review of the Boyd County Circuit Court's docket sheet ("case history").

was indicted in a separate action in the Boyd Circuit Court on an additional charge of Trafficking in a Controlled Substance, First Degree. A jury trial on all four of the above charges was held in the Boyd Circuit Court in December 2012. (R. 12-3, at 26). At the close of the Commonwealth's case, upon motion of the Defendant, the trial court granted a directed verdict of acquittal on the charge of Trafficking within 1000 Yards of a School. (*Id.*). The jury found Lambert guilty on all three remaining counts. (*Id.*).

On January 7, 2013, the Boyd Circuit Court entered an order of Final Judgment and Sentence of Imprisonment, convicting Lambert of two counts of Trafficking in a Controlled Substance, First Degree, and one count of Possession of a Controlled Substance, Third Degree. (*Id.*). The court sentenced Lambert to five years for each count of Trafficking in a Controlled Substance, to run consecutive for a total of ten years. (*Id.* at 28). The court did not impose an additional sentence for Possession of a Controlled Substance, Third Degree, noting that because the crime was a misdemeanor offense, pursuant to Kentucky law any sentence must run concurrent. (*Id.*). On June 6, 2013, Lambert was paroled, but continues to remain under the parole supervision of the Kentucky Department of Corrections District 18 until October 20, 2017.[3]

On March 15, 2013, Lambert filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Kentucky. Because Petitioner challenged a Boyd Circuit Court proceeding, which lies in the United States District Court for the Eastern District of Kentucky, Lambert's petition was transferred to this Court on June 19, 2013, by order of Senior District Judge Simpson. *Lambert v. Elder*, 13-cv-81-WOB-JGW (Order

---

[3] This information was obtained from the Kentucky Online Offender Lookup ("KOOL") website. *See* http://kool.corrections.ky.gov/KOOL/Details/334715 (last visited April 8, 2015).

at R. 12, therein). On August 21, 2013, Magistrate Judge J. Gregory Wehrman issued a Report and Recommendation recommending that Lambert's § 2254 petition be dismissed without prejudice because Lambert's appeal of his state court conviction was still at that time pending in the Kentucky Court of Appeals. (*Id.* at R. 17, therein). On September 19, 2013, presiding District Judge William O. Bertelsman adopted Magistrate Judge Wehrman's recommendation and dismissed Lambert's § 2254 petition without prejudice. (*Id.* at R. 18, therein). On October 2, 2014, Lambert filed in the same case a "Motion for Reopening Habeas Corpus Petition." (*Id.* at R. 20, therein). On November 5, 2014, Judge Bertelsman directed the Clerk of Court to strike Lambert's Motion and re-file it as a new Petition for Writ of Habeas Corpus under § 2254, with the effective date of the new case filing as October 2, 2014. (*Id.* at R. 21, therein).

The new § 2254 proceeding, opened on October 2, 2014, has been docketed as *Lambert v. Commonwealth of Kentucky*, No. 0:14-cv-165-DCR-REW (E.D. Ky. 2014), and is currently pending in the Ashland division of this Court. Upon opening of the new § 2254 proceeding, the Court ordered the Clerk to provide Lambert with a copy of the standard form for habeas relief, AO 241, and directed Lambert to complete and return said form before December 12, 2014. (*Id.* at R. 2, therein). On December 10, 2014, Lambert returned the standard form, dated December 7, which the Clerk then docketed as a pro se corrected petition. (*Id.* at R. 3, therein). Lambert's corrected § 2254 Petition challenges his Boyd Circuit Court conviction as violations of his Third, Fourth, and Fifth Amendment rights. (*Id.*).

Meanwhile, in the Western District of Kentucky, an identical form petition (AO 241) was filed by Lambert and entered as a new case on December 8, 2014. *Lambert v. Kentucky Parole Board*, 3:14-CV-859-CRS (W.D. Ky. 2014). On January 21, 2015, the Western District transferred

Lambert's petition to this Court pursuant to 28 U.S.C. § 1404(a) and Local Rule 3.2(f), again noting that Lambert's petition attacked his conviction by the Boyd County Circuit Court. (*Id.* at R. 3, therein). This transferred petition was then docketed in the present case as a new habeas petition, *Lambert v. Kentucky Parole Board*, 0:15-cv-02-WOB-CJS (E.D. Ky. 2015) (R. 1). This Court then ordered Respondent to answer Lambert's Petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. (R. 6).

During this same time period, Lambert also filed a separate habeas petition in this Court on December 9, 2014, seeking relief under 28 U.S.C. § 2241, which was docketed as *Lambert v. Taylor*, 0:14-cv-177-HRW (E.D. Ky. 2014). In that petition, Lambert again raised collateral challenges to his Boyd Circuit Court criminal conviction, asserting generally the same grounds raised in his § 2254 petitions then pending in case number 14-cv-165-DCR-REW and since filed in the present case. Presiding District Judge Henry R. Wilhoit determined Lambert's § 2241 claims fell under 28 U.S.C. § 2254, and thus dismissed Lambert's § 2241 petition without prejudice. *Lambert v. Taylor,* 0:14-cv-177-HRW (Order at R. 6, therein). The Order further instructed the Clerk to re-docket the § 2241 petition as an amended § 2254 petition in 14-cv-165-DCR-REW, Lambert's already-pending § 2254 case. (*Id.*).

**II.   DISCUSSION**

Respondent filed the pending Motion to Dismiss on March 12, 2015, pointing out that Lambert's petition appears to be an exact duplicate of the corrected petition filed by Lambert on December 10, 2014, in case number 14-cv-165-DCR-REW. (R. 10). Comparison has been made of Lambert's petition in the present case with the petition filed in case number 14-cv-65-DCR-REW; Respondent correctly points out that the petitions are the same.

Both of Lambert's petitions for relief under § 2254 use the standard form AO 241. (*Compare* R. 1, herein, with case no.14-cv-165-DCR-REW, at R. 3, therein). Additionally, both petitions are type-written, with the exception of Lambert's signature and date, and list the same exact grounds for relief under the Third, Fourth, and Fifth Amendments. (*Id.*). Moreover, both Petitions are dated 12/7/14, and are signed by Lambert. (*Id.*). Having reviewed the various case histories, it appears that in response to the Court's Order directing Petitioner to complete and return AO Form 241 in 14-cv-165-DCR-REW (R. 2, therein), Lambert filled out AO Form 241 and sent identical copies of the same petition to both the Eastern and Western Districts of Kentucky. Upon receipt of Lambert's AO Form 241, the Western District docketed the petition as a new case. When the Western District subsequently transferred the petition to the Eastern District, the present case was opened under 15-cv-02-WOB-CJS, even though the identical petition was already pending in 14-cv-165-DCR-REW.

Maintaining the current § 2254 proceeding would result in piece-meal litigation and an unnecessary duplication of limited judicial resources, as the § 2254 Petition in this action is identical to the § 2254 petition already pending in this Court in case 14-cv-165-DCR-REW. For the same reason, dismissal of Lambert's petition in this case would not cause prejudice. Respondent has already filed her answer in 14-cv-165-DCR-REW (R. 9, therein), and the Court has provided Lambert with time in which to file a reply (R. 10, therein).

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, the Court being otherwise sufficiently advised, for the reasons stated herein, **IT IS RECOMMENDED** that:

(1)    Respondent's Motion to Dismiss or Alternatively Motion for Extension of Time to File Answer (R. 10, 11) be **GRANTED;**

(2) Petitioner Lambert's § 2254 Petition (R. 1) be **DISMISSED WITHOUT PREJUDICE** as duplicative of his already pending § 2254 Petition in case number 0:14-cv-165-DCR-REW (E.D. Ky. 2014);

(3) a Certificate of Appealability be **DENIED** by the District Court in conjunction with the Court's entry of its final order; and,

(4) this action be **STRICKEN** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 13th day of April, 2015.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\2254 General\15-02-WOB Lambert MTD duplicative.wpd